UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BERNARD COOPER** | **CIVIL ACTION NO. 3:13-cv-0532** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Bernard Cooper, an inmate in the custody of California's Department of Corrections, who is incarcerated at the Correctional Training Facility, Soledad, California, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 7, 2013. Petitioner claims that he is in violation of the conditions of parole in Louisiana and he seeks either credit against the Louisiana sentence for time he is presently serving in California, or, the dismissal of the Louisiana parole violation detainer.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

Sometime in 2001, petitioner was arrested and charged with simple burglary in the Fourth Judicial District Court, Morehouse Parish.  Upon bonding out, he fled to California.  He was arrested in 2005 and extradited to Morehouse Parish.  He was convicted and sentenced to serve 5 years.  He served 3 years and was released on parole. He absconded back to California. While in California he was convicted of another felony and, on December 17, 2009, was sentenced to

serve 7 years. His scheduled release date is February 7, 2016; however, the State of Louisiana apparently issued a detainer[1] with the California authorities.

## Law and Analysis

### 1. Custody in violation of the Constitution

Petitioner seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. § 2241. Under the explicit terms of that statute, relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner in custody in one state against whom another state has a detainer may attack the interstate detainer by applying for federal *habeas corpus*. *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir.1985) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, at 488-89, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443 (1973)). However, there is "no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant." *Calloway v. District of Columbia Board of Parole*, 103 Fed. Appx. 740 (4th Cir.2004) (quoting *Moody v. Daggett*, 429 U.S. 78, 79 (1976)); see also *Larson v. McKenzie*, 554 F.2d 131, 132-33 (4th Cir.1977)); *Gaddy v. Michael*, 519 F.2d 669, 677 (4th Cir.1975).

In other words, a parole violator, such as petitioner, is taken into custody for a parole violation only when the state parole board executes the warrant and incarcerates the parolee. *Tijerina v. Thornburgh*, 884 F.2d 861, 865 (5th Cir.1989) (citing *Moody v. Daggett*, 429 U.S. 78,

---

[1] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prison is imminent." *Carchman v. New Jersey Department of Corrections*, 473 U.S. 716, 720 (1985).

87-88, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976)). The state parole board may, as it apparently did in this case, place a parole violation detainer on a prisoner who is in custody in another jurisdiction and then wait to execute the warrant until such time as the prisoner has completed his sentence for any crimes he committed while on parole. *Id.* at 865-66.

Petitioner is "in custody" because of his California convictions, not because of the Louisiana detainer. He has not alleged, and indeed, the pleadings do not otherwise imply, that his custody is violative of the Constitution and laws of the United States, and therefore he fails to state a claim for which relief my be granted.

*2. Exhaustion of Available State Remedies*

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose*, 455 U.S. 509; *Minor,* 697 F.2d 697. The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997).

In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. The mere fact that the petitioner's case

has been through the state courts is not enough.  The petitioner must have presented to the state courts the exact same issues he urges upon the federal court.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.  The claim must be presented to the state's highest court, even when review by that court is discretionary.  *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998), *citing*, *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999).  In Louisiana, the highest court is the Louisiana Supreme Court.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by state detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court.  However, like persons seeking relief under §2254, the jurisprudence requires that persons seeking relief pursuant to §2241 first exhaust state court remedies before seeking federal intervention.  *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court or administrative proceedings.  *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28.  These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

Thus, even if petitioner could demonstrate that his custody is in violation of the Constitution and laws of the United States, he would not be entitled to relief in this Court because the pleadings and published jurisprudence of the State of Louisiana reveal that he has not

exhausted available State court or administrative remedies prior to filing his federal petition.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 9, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE